THOMAS PLACE v. DAVID BROWN AND DELILA BROWN.

*Rescission for Fraud.*

A trade occurred in the spring of 1873. Rescission for fraud was claimed in August, 1874, and a bill was filed therefor in the following October. *Held* that there was no laches.

A man exchanged land for a note and a corresponding interest in a mortgage securing this note and another. He afterward acquired the other note independently. *Held* that in demanding rescission of the trade he was under no obligation to surrender the second note.

Where a man is defrauded in a trade for land, he loses no rights by neglecting to pay up taxes assessed against the other party, when he has made his demand for rescission before the period for redemption expired, and in time to enable the other to protect his rights by paying the tax.

Demand for rescission of a contract amounts to notice of an election that both parties be remitted to their original rights and duties.

Appeal from Van Buren. Submitted October 24. Decided November 1.

BILL TO RESCIND contract. The facts are in the opinion.

*T. C. Carpenter* and *J. B. Shipman* for complainant and appellee.

*G. W. Lawton* for defendants and appellants. Parties must be put *in statu quo* by rescission, *Masson v. Bovet*, 1 Den., 69; *Grymes v. Sanders*, 93 U. S., 55; *Minturn v. Main*, 7 N. Y., 227; 1 Story's Eq. Jur., § 707; Sugd. Vend, 254–5. A bill for rescission for fraud must state the time of its discovery, *Moore v. Greene*, 19 How., 69, for time may bar the remedy, *Hubbardston Lumber Co. v. Bates*, 31 Mich., 168, and delay must be excused in the bill, *McLean v. Barton*, Har. Ch., 290.

GRAVES, J. In March, 1873, complainant owned lot 9 in block 50 in the village of Sturgis, and defendant David Brown held two notes made to him by one Warren E. Salisbury and an accompanying mortgage also made to him by Salisbury and wife.

The papers bore date December 24, 1874. The notes were for $900 each with interest, and one was drawn payable in one year and the other in two. The mortgage was on an eighty acre lot in Antwerp, Van Buren county. Complainant traded with defendant David Brown the lot in Sturgis for the $900 note payable in two years and a corresponding interest in the mortgage, but on Brown's request the deed was made to his wife Delila.

The note and mortgage interest were assigned.

Subsequently complainant alleged that he had been defrauded in the trade and he demanded rescission, which was refused. This bill was then filed to set aside the transfer to Mrs Brown, and after answer and proofs the court granted the relief. The defendants appealed.

The bill was pretty freely criticised at the hearing, but we regard it as good in substance. We think it states a case proper to be considered on the facts.

It was objected that complainant had been guilty of laches and that relief should be refused on that ground. We cannot say there was unreasonable and fatal delay. The transaction occurred in the spring of 1873, rescission was claimed in August, 1874, and the bill was filed in the following October, and we discover nothing in the meantime to give the objection any real color. It was further observed that complainant after the trade acquired the other $900 note payable in one year, and that he could not be entitled to reclaim his lot without surrendering this note as well as that for which the lot was exchanged, and that the scheme of the case did not contemplate or the decree require such surrender.

Whatever may have been complainant's motive for obtaining this note, and whatever inferences might possibly be drawn from it concerning another aspect of the case, it is plain the getting of it was a separate transaction and not so interwoven or connected with the trade complained of as to require the cancellation of both or neither or to require the surrender of the last mentioned note as a condition of relief against the transaction in which the other was acquired.

All parties admit that the passage of the note payable in a year was neither a part of the consideration or in any way connected with the consideration for the lot in Sturgis, and all admit that the note was not negotiated, or purchased until some time after the principal trade.

Again, it is said the complainant after having acquired the whole mortgage interest allowed the mortgaged premises to be returned for the taxes of 1873 and to be sold thereafter for them, and that he does not propose or offer to restore the mortgage security unaffected by the tax-title and is not in a situation to do so. And this circumstance it is urged ought to preclude rescission. The record shows a sale of the mortgaged premises for the taxes of 1873, the deed bearing date December first, 1875, and more than a year after the bill was filed. And it also appears as before

37 MICH.—73.

mentioned that the demand for rescission was back in August, 1874, and sometime before the period for redemption had expired, and as the tax was not against complainant or due from him and the call on defendants for rescission was in season to allow them to make payment, it would not be equitable to deny relief on account of the effect of the tax proceeding on the title. The demand imported an election that both parties should be remitted to their original rights and duties and it was notice to defendants to take steps to avert the sale, and they cannot complain of the consequence of their omission. The complainant was under no equitable duty to defendants to expend money to protect the title from this tax after their refusal, and it was not incumbent on him to make such expenditure in order to preserve his right to get back what he had previously given. If he was defrauded, as he alleged, it was the duty of defendants to at once yield to his demand and without requiring him to clear off this tax which he had never incurred or assumed or become liable for on any principle, legal or equitable. We do not consider it expedient to discuss the evidence. The argument at the bar upon it was very full and we have re-examined it since the hearing. In some parts it is not entirely clear and in others it is conflicting. But we cannot avoid the impression which it seems to have made on the mind of the circuit judge.

He came to the conclusion that the proofs made out a case for relief, and we are inclined to take the same view.

The decree should be affirmed with costs and the cause remanded for all other necessary proceedings.

COOLEY, C. J. and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.